No. 26
MUDGE et v. POPE, Admx.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5744. Decided June 26, 1925

Judges Mauck, Sayre and Middleton, 4th Dist., sitting.

557. FRAUD—Where it does not constitute an indictable offense, evidence to support it need not be clear and convincing; but merely preponderating.

MIDDLETON, J.

It seems that Wm. Pope, now deceased, recovered a judgment of $25,000 against A. A. Mudge in the Cuyahoga Common Pleas, for personal injuries sustained by him due to the negligent operation by Mudge of his automobile. Also that the Maryland Casualty Company had issued a policy of insurance to Mudge whereby it insured him in the sum of $10,000 against liability for personal injuries caused through the operation of his machine. The Casualty Company, which is a co-defendant of Mudge's was given control of any litigation arising out of any injury caused by the automobile.

It was alleged in that case that Mudge and the Company conspired to cause Pope to believe that nothing would be realized on the verdict; that Pope's attorneys were not properly representing him; and that Mudge as his friend would see that he (Pope) was compen-

## STATE COURT OF APPEALS—Continued

sated in the sum of $3500 by the Casualty Company. It was further alleged that Pope because of his weakened condition relied upon the representations by Mudge and accepted $3500 from the Company and released it and Mudge from further liability on the $25,000 verdict. It was claimed that the representations were false and made for the purpose of deceiving and defrauding Pope. The cause was tried several times in the lower court and on the second trial judgment was directed in favor of Mudge et al; which judgment was affirmed by the Court of Appeals. In 108 OS. 192, the Supreme Court reversed this judgment and found in favor of Pope.

In this case the action was brought by Susan Pope, administratrix of Wm. Pope's estate, in the Cuyahoga Common Pleas against the original defendants and a verdict was returned upon which judgment was entered for $31,500. This verdict included $5000 for punitive damages and an additional allowance of $5000 for the attorneys of Pope. Error was prosecuted and it was claimed that the judgment was manifestly against the weight of the evidence. It was further urged that there was no evidence of a conspiracy between Mudge and the Casualty Company, and that there was error in the charge of the trial court on the matter of punitive damages . It was also contended that the trial court erred in defining the degree of proof required to sustain the claim of fraud and conspiracy made by Pope; and also that the judgment was excessive. The Court of Appeals held:

1. One new trial was granted by the Common Pleas Court for the reason that the judgment was against the weight of the evidence and in this case a second motion for the same reason was properly overruled, and this court is without power to consider the evidence in connection with this contention. Railway Co. v. Trendel, 101 OS. 316.

2. It was held in this case, reported in 108 OS. 192, that the evidence in regards to a conspiracy between Mudge and the Company was sufficient to require its submission to a jury.

3. This being so it becomes a question only of the sufficiency of such evidence, and that matter was determined by the disposition of the motion for a new trial on the ground that the judgment was manifestly against the weight of the evidence.

4. The trial court charged that a preponderance of the evidence was sufficient to establish Susan Pope's contention as to fraud and conspiracy by Mudge and the Company. Mudge claims that the degree of proof should have been clear and convincing.

5. "On trial of a civil action wherein the claim or defense is based on an alleged fraud, the issue may be determined in accordance with the preponderance or weight of the evidence, whether the facts constituting the alleged fraud do or do not amount to an indictable offense." Stranathan v. Greaves, 26 OS. 2.

The instant judgment, which is based upon a full value of the original judgment, is necessarily excessive. But here again the court is met with a rule which prohibits it from considering the case on the weight of the evidence.

7. A finding that judgment is excessive involves the weight of the evidence. Schendel v. Bradford, Admr. 106 OS. 387.

Judgment affirmed.

Attorneys—Mooney, Hahn, Loeser and Keough for Mudge et; Howell, Roberts and Duncan for Pope; all of Cleveland.